IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Samuel T. Whatley, II, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Southern Seasons Heating & Air Conditioning, *et al.*, <br><br> Defendants. | C/A: 2:22-cv-4364-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") (Dkt. No. 22) of the Magistrate Judge recommending that the Court dismiss Plaintiffs' complaint. For the reasons set forth below, the Court adopts the R&R as the order of the Court and dismisses Plaintiffs' complaint.

I. **Background and Relevant Facts**

*Pro se* Plaintiffs Samuel T. Whatley, II, Reverend Dr. Samuel T. Whatley and Pacita Whatley ("Ms. Whatley") bring this complaint alleging negligence against Southern Seasons Heating & Air Conditioning ("Southern"), the company's owner Claude McAlhany, and the North Charleston Police Department ("NCPD"). (Dkt. No. 22 at 1-3). Plaintiffs allege that Southern was hired to inspect an "air unit" at Ms. Whatley's home, destroyed the unit, and caused damage to Ms. Whatley. Plaintiffs also allege a "Fifth Amendment" violation under 42 U.S.C. § 1983 against NCPD for failing to take action against Southern on Plaintiffs' behalf.

On May 8, 2024, the Magistrate Judge filed an R&R recommending that this action be dismissed in its entirety. (Dkt. No. 22).

Plaintiffs filed objections to the R&R. (Dkt. No. 25).

II. **Legal Standards**

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because Plaintiffs filed objections to the R&R, the R&R is reviewed de novo.

### III. Discussion

After a review of the record, the R&R, and Plaintiffs' objections, the Court finds that the Magistrate Judge ably addressed the issues and correctly found that this action must be dismissed in its entirety. (Dkt. No. 22 at 5-11) (noting, as to Plaintiff Samuel T. Whatley, II, that he lacks standing to pursue Ms. Whitley's claims against Southern because he has not alleged he "owned the property at issue or personally contracted with Southern"); (*Id.* at 8) (finding the Court lacks

federal question jurisdiction because Plaintiffs have not established how the Fifth Amendment applies to Ms. Whatley's "HVAC system, nor do Plaintiffs otherwise suggest how Defendants' purported conduct violated any other constitutional rights for that matter"); (*Id.* at 9-10) (noting diversity jurisdiction is lacking because Plaintiffs and Defendants are citizens of South Carolina).

Plaintiffs filed objections to the R&R. (Dkt. No. 25). After a careful review of said objections, however, the Court overrules them. Plaintiffs therein do not substantively contest, for example, that Plaintiff Samuel Whatley lacks standing to pursue Ms. Whatley's claims. Further, Plaintiffs nowhere cogently establish how the Fifth Amendment is relevant to NCPD's alleged non-prosecution of Southern. *See also* (Dkt. No. 22 at 8 & n.4) (further observing that none of the named Defendants are subject to § 1983 as Defendants McAlhany and Southern are private citizens and NCPD is a "group of people" not amenable to suit).

IV.  **Conclusion**

For the forgoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 22) as the Order of the Court and **DISMISSES** the instant action without further leave to amend.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Judge

May 29, 2024
Charleston, South Carolina